# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAI THI VU,<br><br>  Plaintiff/Petitioner,<br><br>  v.<br><br>TINA HORNBEAK, et al.,<br><br>  Defendants/Respondents.<br>_____/ | Case No. 1:15-cv-01391-LJO-SKO<br><br>ORDER DIRECTING CLERK'S OFFICE TO REDESIGNATE CIVIL RIGHTS ACTION (550) AS A PETITION FOR WRIT OF HABEAS CORPUS (530) AND TRANSFERRING PETITION TO CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

      Plaintiff Mai Thi Vu ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2015, in the Northern District of California.[1] Based on Plaintiff's allegation regarding a decision made by a unit classification committee at Central California Women's Facility in Chowchilla, the case was transferred to this court on September 11, 2015.

      Plaintiff is currently incarcerated at the California Institution for Women ("CIW") in Corona and is serving a ten-year sentence following her conviction in Santa Clara Superior Court. She brings this action against Tina Hornbeak, Director of California Women's Institutions; Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation; and CIW Warden Kimberly Hughes. Plaintiff seeks to have her VIO code removed so that her custody status level will lowered from Medium A to Minimum A, which will allow her to qualify for

---

[1] Plaintiff paid the filing fee in the Northern District.

additional time credits; and she also seeks to receive additional time credits pursuant to the November 14, 2014, order issued in *Coleman, et al, v. Brown, et al.*, case number 2:90-cv-00520-KJM-DAD PC.[2]

Plaintiff is not seeking damages; she is challenging her custody status as related to her credit-earning status, and she seeks the restoration of credits and/or increased credit-earning status, which affects the length of her ten-year determinate sentence. *Nettles v. Grounds*, 788 F.3d 992, 998 (9th Cir. 2015) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973)). As a result, Plaintiff is limited to seeking relief via a petition for writ of habeas corpus and this court lacks jurisdiction over said petition. 28 U.S.C. § 2241(d). Venue for a habeas petition is proper in either the district of confinement or the district of conviction. *Id.* Because Plaintiff is challenging her custody classification by prison officials, which directly impacts her credit-earning status, and she is not challenging the fact of her conviction or sentence, her case shall be transferred to the Central District of California, where venue is proper based on her incarceration at CIW. *Id.*

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall redesignate this civil rights action (550) as petition for writ of habeas corpus (530); and

2. The petition shall be transferred to the Central District of California.

IT IS SO ORDERED.

Dated: **September 15, 2015**            **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] A VIO codes signifies an inmate who "has a current or prior conviction for a violent felony, or a sustained juvenile adjudication including, but not limited to, those listed under Penal Code section 667.5(c), which, as determined by the CSR, requires placement in a facility with a higher security level than that indicated by his/her placement score." Cal. Code Regs., tit. 15, § 3375.2(b)(29). The code is "used to indicate those administrative or irregular placement conditions known as administrative determinants, which may be imposed by Departmental officials to override the placement of an inmate at a facility according to his/her placement score." Tit. 15, § 3375.2(b).